UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM SHIRLEY, IV, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. CIV-22-1049-J |
| STEVEN HARPE, | ) ) ) |
| Respondent. | ) ) |

## ORDER

Petitioner, a state prisoner appearing pro se, filed a Petition seeking habeas relief from a state court conviction pursuant to 28 U.S.C. § 2254 (Pet.) [Doc. No. 1]. The matter was referred for initial proceedings to United States Magistrate Judge Gary M. Purcell, consistent with 28 U.S.C. § 626(b)(1)(B), (C). Judge Purcell examined the Petition under Rule 4 of the Rules Governing Section 2254 Cases and issued a Report and Recommendation recommending that the Petition be dismissed as untimely (Rep. & Rec.) [Doc. No. 6]. Petitioner has objected (Petr.'s Objs.) [Doc. Nos. 8, 10],[1] triggering de novo review.

### I.  Background

On September 25, 2018, Petitioner was sentenced to 25 years after pleading guilty to first degree manslaughter in state court. *See* Pet. at 1. More than two years later, in December 2020, Petitioner filed an application for post-conviction relief, arguing that the State of Oklahoma lacked jurisdiction to prosecute him under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). *See* Pet. at 3. The state district court denied the application, and the Oklahoma Court of Criminal Appeals affirmed the denial on October 10, 2022. *See id.*, Ex. 1 at 1. On December 12, 2022, Petitioner

---

[1] Because Petitioner filed two objections that are identical in substance, the Court's reference to a particular page number applies synonymously to both filings.

filed the instant action seeking habeas relief, wherein he repeats his jurisdictional allegations. *See id.* at 5.

## II.     Report and Recommendation Findings

On review, in recognizing that § 2254 petitions are governed by a one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA), Judge Purcell found that Petitioner's claims were untimely under either 28 U.S.C. § 2244(d)(1)(A) or (C).  *See* Rep. & Rec. at 5–10.  In relevant part, the statute provides that the limitations period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> .  .  .
>
> [or]
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]

28 U.S.C. § 2244(d)(1)(A), (C).

Beginning with § 2244(d)(1)(A), Judge Purcell concluded that Petitioner's one-year limitations period started on October 5, 2018—given that Petitioner was sentenced on September 25, 2018, and made no attempt to withdraw his plea during the statutorily authorized period. *See* Rep. & Rec. at 5–6.  Thus, absent statutory or equitable tolling, Petitioner's one-year filing period expired on October 7, 2019.  *See id.* at 6.  Judge Purcell then found that (1) the one-year limitations period was not statutorily tolled because Petitioner's application for post-conviction relief was not filed within the one-year period; and (2) Petitioner had not articulated any grounds for equitable tolling.  *See id.* at 10–12.

As to § 2244(d)(1)(C), Judge Purcell reasoned that the *McGirt* decision failed to recognize a new constitutional right retroactively applicable to cases on collateral review; thus, he concluded

2

that § 2244(d)(1)(C) was inapplicable and did not extend the one-year limitations period. *See id.* at 6–10.

### III.  Petitioner's Objections

Petitioner objects to the Report and Recommendation on several grounds. First, Petitioner maintains that he did not receive fair notice of the Report and Recommendation because it was received after objections were due. *See* Petr.'s Objs. at 1. Secondly, he asserts that the AEDPA one-year limitations period was both statutorily and equitably tolled. *See id.* at 1–2.

#### A.  Timeliness

Petitioner first objects generally to the Report and Recommendation on the basis that it was received "[f]ive (5) days after Petitioner's objection was already due." *Id.* at 1. While it is not entirely clear from the record when Petitioner received the Report and Recommendation, the Court construes his objections as timely filed, thus triggering de novo review. In any event, the standard of review applied to the Report and Recommendation does not impact the Court's conclusion as to the Petition's untimeliness.

#### B.  Statutory Tolling

Petitioner next maintains that the limitations period was statutorily tolled. *See id.* at 1–2. Upon the Court's review, however, it is evident that Petitioner confuses Judge Purcell's findings on statutory tolling with those regarding § 2244(d)(1)(C)'s inapplicability. To that end, Petitioner asserts that Judge Purcell's consideration and discussion of § 2244(d)(1)(C) "alone is evidence of Statutory Tolling." *Id.* at 1. Petitioner goes on to add that "since June 25, 1948, the Major Crimes Act, 18 U.S.C. § 1153(a), has been in effect and was made retroactively applicable for cases on collateral review." *Id.* (cleaned up).

But as noted by Judge Purcell, a case may only be applied retroactively if the Supreme Court expressly holds so. *See* 28 U.S.C. § 2244(d)(1)(C) (holding that the one-year limitations period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review"). And because the Supreme Court has not done so, Petitioner's objection is without merit. *See Mathews v. Elhabte*, No. CIV-21-1023-R, 2022 WL 363357, at *1 (W.D. Okla. Feb. 7, 2022) ("[T]he Supreme Court has not held that *McGirt* is retroactive, and the only way the Supreme Court could make a rule retroactively applicable is through a holding to that effect." (internal quotation marks omitted)); *Sanders v. Pettigrew*, No. CIV 20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) ("*McGirt* did not recognize a new constitutional right, much less a retroactive one.").

      **C.**    **Equitable Tolling**

Petitioner lastly contends that the limitations period was equitably tolled. *See* Petr.'s Objs. at 2. Although the one-year limitations period may be subject to equitable tolling, such tolling is appropriate only in "rare and exceptional circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (internal quotation marks omitted). A petitioner "seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011) (internal quotation marks omitted). Equitable tolling is also "appropriate, for example, when a prisoner is actually innocent." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

Petitioner first provides that the COVID-19 pandemic supports equitable tolling. However, the COVID-19 pandemic, and its associated shutdowns, began in March 2020—more than six

months after the expiration of Petitioner's one-year filing period.  In any event, "the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis," *United States v. Tinsman*, No. 21-7024, 2022 WL 3208346, at *3 (10th Cir. Aug. 9, 2022) (internal quotation marks omitted), and Petitioner has failed to "establish that he was pursuing his rights diligently and that the COVID-19 pandemic specifically prevented him from filing his motion." *Id.*  Accordingly, the Court finds this objection is without merit.

Petitioner next asserts, in conclusory fashion, that "he was actively misled and coerced by [state court] counsel into signing a guilty plea, preventing [him] from asserting his self-defense and defense of another right at trial." Petr.'s Objs. at 2.  Although attorney misconduct can be an extraordinary circumstance allowing for equitable tolling, it must be an external factor that accounts for a petitioner's failure to file a timely petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).  And such misconduct must be "[p]articularly egregious, . . . such as repeated, deceitful assurances that a habeas petition would soon be filed." *Trujillo v. Tapia*, 359 F. App'x 952, 955 (10th Cir. 2010) (citing *Fleming v. Evans*, 481 F.3d 1249, 1255–56 (10th Cir. 2007)).

Even assuming, generously, that Petitioner's state court counsel engaged in misconduct, Petitioner provides no explanation for the lengthy four-year delay in seeking habeas relief.  *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("In the final analysis, however, [petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims.").  And conclusory allegations of an involuntary plea do not constitute evidence which would support a claim of actual innocence for purposes of equitable tolling.  *See Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) ("Actual innocence means factual innocence.  A claim that [petitioner's] guilty plea was involuntary does not assert that he did not commit the crime to which he pleaded guilty." (internal quotation marks and citations omitted));

5

*see also Herrera v. Collins*, 506 U.S. 390, 417–18 (1993) (finding affidavits fell short of threshold for actual innocence showing based in part on affiants' failure to provide satisfactory explanation as to why they "waited until the 11th hour" to offer their statements).

### IV.     Conclusion

Having carefully reviewed the Petition, Report and Recommendation, and Petitioner's objections de novo, the Court agrees with Judge Purcell's thorough and well-reasoned analysis. Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 6] and DISMISSES Petitioner's Petition as untimely.  Petitioner's motion to proceed in forma pauperis [Doc. No. 9] is DENIED as moot.

IT IS SO ORDERED this 14th day of March, 2023.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE